```
                   UNITED STATES DISTRICT COURT
                     DISTRICT OF CONNECTICUT
```

```
RICKY A. MORNEAU                  :
                                  :
    v.                            :  Case No.  3:07cv819(JBA)
                                  :
STATE OF CONNECTICUT, et al.¹     :
```

RULING AND ORDER

Plaintiff commenced this civil rights action pursuant to 42 U.S.C. §§ 1983 and 1985(2).  He alleges that defendants Aresco and Corneroli conspired and violated his rights to due process and equal protection of the laws.  He contends that they refused to serve process and dispose of abandoned property by auction for him and then served process against him.  He also alleges that his complaints against defendants Aresco and Corneroli were improperly dismissed and that the remaining defendant failed to ensure that defendants Aresco and Corneroli complied with state and federal law.  Plaintiff seeks damages and an order

---

¹The named defendants are the State of Connecticut, the Connecticut State Marshals Commission, State Marshals Louis Aresco and Louis Corneroli, the Connecticut State Marshals Cause and Assessment Committee, State Marshals Commissioners Attorney Dennis F. Kerrigan, Jr., Judge William Cremins, Marie Knudsen, Joseph Ubaldi, Attorney William W. Cote and Attorney James E. Neil, and Connecticut Attorney General Richard Blumenthal. Defendants Aresco, Corneroli, Kerrigan, Cremins and Cote are named in their individual and official capacities.  Defendants Knudsen, Ubaldi, Neil and Blumenthal are named in their official capacities only.

terminating the State Marshal system. Defendants seek dismissal of this action. For the reasons that follow, defendants' motion will be granted.

I.  Standard

When considering a motion to dismiss, the court accepts as true all factual allegations in the complaint and draws inferences from these allegations in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Flores v. Southern Peru Copper Corp., 343 F.3d 140, 143 (2d Cir. 2003). The court considers not whether the plaintiff ultimately will prevail, but whether he has stated a claim upon which relief may be granted so that he should be entitled to offer evidence to support his claim. York v. Association of Bar of City of New York, 286 F.3d 122, 125 (2d Cir.), cert. denied, 537 U.S. 1089 (2002). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. Bell Atlantic v. Twombley, 127 S. Ct. 1955, 1964-65 (2007).

When ruling on a motion to dismiss, the court may consider the allegations in the complaint, any documents attached to the complaint or incorporated by reference into the complaint and other facts of which judicial notice may be taken. See Samuels

v. Air Transport Local 504, 992 F.2d 12, 15 (2d Cir. 1993). In its review of a motion to dismiss, the Second Circuit "ordinarily require[s] the district courts to give substantial leeway to pro se litigants." Gomes v. Avco Corp., 964 F.2d 1330, 1335 (2d Cir. 1992).

II. Facts[2]

On February 3, 2004, plaintiff's former attorney, Ronald Kutz, requested that defendant Corneroli assist in the disposal by auction of property abandoned by Michel Moran/Gonzalez. Defendant Corneroli refused the request because he was a personal friend of Moran/Gonzalez. Compl. Ex. B.

On February 6 and 26, 2004, Attorney Kutz asked defendant Aresco to assist with the property auction. Compl. Ex. C-D. On March 9, 2004, Moran/Gonzalez's attorney contacted defendant Aresco, informing him that, if he proceeded with the auction, he might be in violation of state law. Compl. Ex. E. On March 15, 2004, after speaking with Moran/Gonzalez's attorney, Attorney Kutz informed defendant Aresco by letter that he had determined that the auction would not violate state law. Compl. Ex. F. Defendant Aresco did not take steps to arrange for the auction.

---

[2]The facts are taken from the complaint and attached exhibits. Because the court is reviewing a motion to dismiss, it has not considered any exhibits attached to plaintiff's memorandum in opposition to defendants' motion or new allegations included in plaintiff's memorandum.

On March 30, 2004, Attorney Kutz terminated his representation of plaintiff because defendants Corneroli and Aresco refused to dispose of Moran/Gonzalez's property. On May 28, 2004, defendant Aresco served process on plaintiff at the request of Moran/Gonzalez.

On February 22, 2006, plaintiff wrote to Attorney General Blumenthal complaining about the actions of defendants Corneroli and Aresco. Compl. Ex. I. Defendant Blumenthal forwarded the letter to defendant Marshals Commission ("the Commission"). Compl. Ex. J. The Commission commenced an investigation through its Cause and Assessment Committee ("the Committee"). After considering the contentious nature of the issues between plaintiff and Moran/Gonzalez, the statement of defendant Aresco and the passage of time, the Commission dismissed the complaint against defendant Aresco because it "could not conclude that the [marshal] acted unethically, or failed to comply with any statutory duty." Compl. Ex. P. The Commission also dismissed the complaint against defendant Corneroli.

III. Discussion

Defendants move to dismiss the complaint on the grounds that: (1) all claims against the State of Connecticut, the Commission, the Committee and all other defendants in their official capacities are barred by the Eleventh Amendment; (2) all

4

claims against defendants Corneroli and Aresco in their individual capacities are time-barred; (3) all claims against defendants Kerrigan, Cremins and Cote are barred by quasi-judicial immunity; and (4) defendants are protected by qualified immunity.

    A.   <u>Claims under 42 U.S.C. § 1985(2)</u>

Plaintiff states that he brings this action pursuant to 42 U.S.C. § 1985(2), in addition to 42 U.S.C. § 1983. To state a claim under Section 1985(2), plaintiff must allege a conspiracy between two or more persons to deter a witness "by force, intimidation, or threat" from attending or testifying in any court of the United States which conspiracy causes injury to the plaintiff. Although the statute contains language regarding the deprivation of equal protection of the laws, Section 1985(2) relates only to conspiracies to prevent witnesses from appearing in federal court proceedings. <u>See</u> <u>Morast v. Lance</u>, 807 F.2d 926, 930 (11th Cir. 1987); <u>Kimble v. D.J. McDuffy, Inc.</u>, 648 F.2d 340, 348 (5th Cir.) (en banc), <u>cert. denied</u>, 454 U.S. 1110 (1981).

Plaintiff does not assert any claims relating to federal court proceedings. Accordingly, plaintiff's Section 1985(2) claim, presumably his claim for conspiracy in the third count of the complaint, is dismissed. <u>See, e.g.</u>, <u>Fitzgerald v. First East Seventh Street Tenants Corp.</u>, 221 F.3d 362, 363 (2d Cir. 2000)

5

(per curiam) (holding that district court may dismiss a frivolous complaint sua sponte even when the plaintiff has paid the required filing fee).

   B.   Eleventh Amendment

   Defendants construe the complaint as seeking only damages and move to dismiss all claims against the State of Connecticut, the Commission, the Committee and all other defendants in their official capacities as barred by the Eleventh Amendment. In opposition, plaintiff states that he also seeks injunctive relief.

   The Eleventh Amendment provides immunity from suit against the state, regardless of the relief sought, Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100 (1984), and the Second Circuit has made clear that "[a]n official arm of a state enjoys the same Eleventh Amendment immunity from suit in federal court as is enjoyed by the state itself." Posr v. Court Officer Shield # 207, 180 F.3d 409, 414 (2d Cir. 1999). Thus, defendants' motion to dismiss is granted as to all claims against defendants State of Connecticut, the Commission and the Committee.

   The Eleventh Amendment also bars suits for monetary damages against state officials sued in their official capacities. Kentucky v. Graham, 473 U.S. 159 (1985). Although the state can

waive this immunity from suit, plaintiff has presented no evidence of a waiver in this case. See Edelman v. Jordan, 415 U.S. 651, 673 (1974) (holding that state may explicitly waive Eleventh Amendment immunity). Accordingly, defendants' motion to dismiss is granted as to all claims for damages against the remaining defendants in their official capacities.

Under the exception first set forth in Ex parte Young, 209 U.S. 123 (1908), a state official in his official capacity may be sued for prospective injunctive relief if the plaintiff alleges an on-going violation of federal law. State Employees Bargaining Agent Coalition v. Rowland, 494 F.3d 71, 95 (2d Cir. 2007) (citations omitted). Although defendants have not addressed plaintiff's claim for injunctive relief, the court concludes that it should be dismissed.

Plaintiff has not alleged any continuing violation of federal law. His complaint concerns one discrete incident-the refusals of defendants Corneroli and Aresco to serve process and auction property on his behalf in 2004-and the dismissal of his complaint regarding that incident.

In opposition to the motion to dismiss, plaintiff seeks to present evidence of Commission actions involving other persons. The court cannot consider this evidence on a motion to dismiss.

Even if plaintiff were to seek leave to amend his complaint to include the additional allegations, the claim still should be

dismissed.  The additional exhibits include a letter plaintiff submitted expressing his views to the Commission regarding defendant Corneroli's refusal.  This document contains no additional violation and does not reference any actions of defendant Corneroli not barred by the statute of limitations.  The statute of limitations argument is considered in detail below.

The remaining exhibits concern sanctions imposed by the Commission against a State Marshal who is not a defendant in this case and who had no interaction with plaintiff.  These exhibits are not relevant to plaintiff's claims against any of the individual defendants.

In addition, to the extent that the complaint may be construed as attempting to allege a class action challenging the manner in which the State Marshal system is operated, the complaint must be dismissed.  Plaintiff filed this case pro se.  A litigant in federal court has a right to act as his own counsel.  See 28 U.S.C. § 1654 ("in all courts of the United States the parties may plead and conduct their own cases personally or by counsel").  A non-attorney, however, has no authority to appear as an attorney for others.  See Eagle Assocs. v. Bank of Montreal, 926 F.2d 1305, 1308 (2d Cir. 1991) (Section 1654 "does not allow for unlicensed laymen to represent anyone else other than themselves") (internal quotation omitted).  Nor

can a pro se party represent the interests of a class. See, e.g., Rodriguez v. Eastman Kodak Co., 88 Fed. Appx. 470, 471 (2d Cir. 2004) (summary order) (pro se prisoner's class action appropriately dismissed because "a pro se class representative cannot adequately represent the interests of other class members")(internal quotations omitted); Jolley v. Correctional Managed Health Care, No. 3:04cv1582(RNC), 2007 WL 2889469, at *1 (Sept. 27, 2007) (pro se litigants are not permitted to represent the interests of other class members). Thus, plaintiff cannot assert claims on behalf of anyone other than himself.

Because plaintiff has alleged no facts suggesting a continuing violation of federal law regarding his own interaction with the Commission or any State Marshals, the claim for injunctive relief is dismissed.

### C. Statute of Limitations

Defendants argue that all claims against defendants Corneroli and Aresco in their individual capacities are time-barred. In response, plaintiff argues that his equal protection claim did not accrue until defendant Aresco served process on him for Moran/Gonzalez and that this event occurred within the limitations period.

The limitations period for filing a section 1983 action is three years. Lounsbury v. Jeffries, 25 F.3d 131, 134 (2d Cir.

1994)(holding that, in Connecticut, the general three-year personal injury statute of limitations period set forth in Connecticut General Statutes § 52-577 is the appropriate limitations period for civil rights actions asserted under 42 U.S.C. § 1983). Defendants Corneroli and Aresco refused to dispose of Moran/Gonzalez's property in February and March 2004. Plaintiff filed this action on May 23, 2007, more than three years later. Plaintiff alleges no fact demonstrating any involvement of defendant Corneroli after his refusal in February 2004. Thus, all claims against defendant Corneroli in his individual capacity and plaintiff's due process claim against defendant Aresco, which is based on the refusals to dispose of the property in February and March 2004, are time-barred. Defendants' motion to dismiss is granted as to all of plaintiff's claims against defendant Corneroli in his individual capacity and his due process claim against defendant Aresco in his individual capacity.

D. Equal Protection

Plaintiff argues that he was denied equal protection of the laws because defendant Aresco refused to dispose of Moran/Gonzalez's abandoned property for him but later served process against him on behalf of Moran/Gonzalez. Because plaintiff does not identify any class of which he is a member,

the court assumes that he brings his equal protection claim as a "class of one."

A class of one equal protection claim may be successful where the plaintiff alleges that he has been intentionally treated differently from others who are similarly situated and that there is no rational basis for the different treatment. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). However, a class of one plaintiff must show an extremely high degree of similarity with the person to whom he compares himself. Clubside, Inc. v. Valentin, 468 F.3d 144, 159 (2d Cir. 2006). A plaintiff relying solely on similarity to another person, instead of on his membership in a protected class, must show, inter alia, that "(i) no rational person could regard the circumstances of the plaintiff to differ from those of a comparator to a degree that would justify the differential treatment on the basis of a legitimate government policy; and (ii) the similarity in circumstances and difference in treatment are sufficient to exclude the possibility that the defendant acted on the basis of a mistake." Neilson v. D'Angelis, 409 F.3d 100, 105 (2d Cir. 2005).

Here, plaintiff states that defendant Aresco refused to dispose of Moran/Gonzalez's property for him but served process on him for Moran/Gonzalez. He also alleges that there was a difference of legal opinion regarding the legality of the

property auction and that defendant Aresco had received letters stating that the auction was and possibly was not proper under state statutes. He alleges no such confusion regarding the process served against him. Plaintiff's allegations show that there was not a high degree of similarity of circumstances between plaintiff and Moran/Gonzalez. Thus, he fails to allege facts that would state a cognizable "class of one" equal protection claim. Accordingly, this claim is dismissed.

E. Quasi-Judicial Immunity

Defendants move to dismiss all claims against defendants Kerrigan, Cremins and Cote in their individual capacities on the ground that, as members of the Commission, they are protected by quasi-judicial immunity.

Judges performing judicial functions within their jurisdictions are granted absolute immunity. E.g., Pierson v. Ray, 386 U.S. 547, 553-55 (1967). In addition, some officials who are not judges but who "perform functions closely associated with the judicial process," also have been accorded absolute immunity. Cleavinger v. Saxner, 474 U.S. 193, 200 (1985). "[W]hether non-judicial officers merit quasi-judicial absolute immunity depends on 'the functional comparability of their judgments to those of the judge.'" Young v. Selsky, 41 F.3d 47, 51 (2d Cir. 1994) (quoting Imbler v. Pachtman, 424 U.S. 409, 423

n.20 (1976)), cert. denied, 514 U.S. 1102 (1995). The Second Circuit has identified six of the factors a court should consider when determining whether quasi-judicial absolute immunity is warranted: (1) the need for the official to perform his function without fear of harassment or intimidation, (2) the presence of safeguards reducing the need for a private lawsuit to control unconstitutional conduct, (3) the need for insulation from political influence, (4) the importance of precedent, (5) the adversarial nature of the proceeding, and (6) the ability to correct any errors on appeal. Id.

When the Commission receives a written complaint, it may appoint an investigator who will prepare a report, including copies of documents and a summary of the information gathered, and make recommended findings. The findings are presented to the Commission to enable it to determine appropriate action to be taken in the matter. Conn. Agencies Reg. § 6-38b-7. If the Commission determines that disciplinary action is required, it must notify the marshal involved and hold a hearing. Conn. Gen. Stat. § 6-38b(j). The hearing is an adversarial proceeding before independent hearing officers conducted in accordance with the Uniform Administrative Procedures Act, Conn. Gen. Stat. § 4-166 et seq., with a right of appeal. Conn. Agencies Reg. § 6-38b-9.

The Commission proceeding meets the factors for quasi-

judicial absolute immunity.  The Commission must be able to determine whether a state marshal should be disciplined without fear of harassment or political reprisal.  The marshal is afforded protections at the hearing and can appeal an adverse finding.  The Supreme Court has found that an executive branch administrative law judge or hearing officer who conducts hearings in accordance with the Uniform Administrative Procedures Act is entitled to absolute immunity. Butz v. Economu, 438 U.S. 478, 513 (1978).  Further, this district has determined that the Connecticut Workers' Compensation Commission and the Connecticut Commission on Human Rights and Opportunities ("CHRO") merit quasi-judicial absolute immunity.  See White v. Martin, 26 F. Supp. 2d 385 (D. Conn. 1998) (CHRO), aff'd, 198 F.3d 235 (1999); Gyadu v. Workers' Compensation Commission, 930 F. Supp. 738 (D. Conn. 1996), aff'd, 129 F.3d 113 (2d Cir. 1997), cert. denied, 525 U.S. 814 (1998).  Like the CHRO and Workers' Compensation Commission, the function of the State Marshal Commission is judicial in nature.  The Commission affords protections at its hearings similar to those found by the courts in the other agency hearings.  Thus, the State Marshal Commissioners are protected by quasi-judicial absolute immunity for actions taken as hearing officers or reviewing the recommended findings of the investigator.

Here, no hearing was held on plaintiff's complaints against

defendants Corneroli and Aresco. The decision not to hold a hearing, however, is an adjudicatory decision. See Crenshaw v. Baynerd, 180 F.3d 866, 868 (7th Cir. 1999) (holding that Commission's decision to dismiss complaint rather than hold hearing was part of the Commission's judicial function), cert. denied, 528 U.S. 952 (1999). Defendants' motion to dismiss is granted as to the claims against defendants Kerrigan, Cremins and Cote in their individual capacities.

F.  Violation of State Law

Plaintiff also alleges that the actions of various defendants were contrary to state law. To state a cognizable claim under Section 1983, he must allege that a defendant acting under color of state law deprived him of a right guaranteed under the constitution or the laws of United States. See Rodriguez v. Phillips, 66 F.3d 470, 473 (2d Cir. 1995). Claims for violation of state law are not cognizable under Section 1983. Thus, the court assumes that plaintiff invokes the court's supplemental jurisdiction over any state law claims.

Where all federal claims have been dismissed, however, the court may decline to exercise supplemental jurisdiction over state law claims. See 28 U.S.C. § 1367(c)(3); Giordano v. City of New York, 274 F.3d 740, 754 (2d Cir. 2001) (collecting cases). Because the court has dismissed all of plaintiff's federal law

claims, it declines to exercise supplemental jurisdiction over any state law claims.

IV. Conclusion

Defendants' motion to dismiss [Doc. #18] is GRANTED. In addition, all claims pursuant to 42 U.S.C. § 1985(2), the claim for denial of equal protection and the request for injunctive relief are DISMISSED.  The Court declines to exercise supplemental jurisdiction over any state law claims.  The Clerk is directed to enter judgment in favor of the defendants and close this case.


It is so ordered.

/s/

Janet Bond Arterton
United States District Judge

Dated at New Haven, Connecticut, this 7th day of July 2008.