UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Ricky A. Morneau,<br>        *Plaintiff*,<br><br>          *v.*<br><br>State of Connecticut, et al.,[1]<br>        *Defendants*. | Civil No. 3:07cv819 (JBA)<br><br><br><br>March 30, 2009 |

**RULING ON PLAINTIFF'S MOTION FOR RECONSIDERATION [Doc. # 30]
AND MOTION TO APPOINT COUNSEL [Doc. # 33]**

Plaintiff Ricky Morneau moves for reconsideration of the Court's ruling dismissing his civil rights Complaint in its entirety. (*See* Ruling and Order [Doc. # 26].) For the reasons set forth below, his motion is denied.

**I.     Standard**

Motions for reconsideration under Local Rule of Civil Procedure 7(c)

> shall be filed and served within ten (10) days of the filing of the decision or order from which such relief is sought, and shall be accompanied by a memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court overlooked in the initial decision or order.

D. Conn. L. Civ. R. 7(c)1.  The Second Circuit has explained that "[t]he major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of

---

[1] The named defendants are the State of Connecticut, the Connecticut State Marshals Commission, State Marshals Louis Aresco and Louis Corneroli, the Connecticut State Marshals Cause and Assessment Committee, State Marshals Commissioners Attorney Dennis F. Kerrigan, Jr., Judge William Cremins, Marie Knudsen, Joseph Ubaldi, Attorney William W. Cote and Attorney James E. Neil, and Connecticut Attorney General Richard Blumenthal.  Defendants Aresco, Corneroli, Kerrigan, Cremins and Cote are named in their individual and official capacities.  Defendants Knudsen, Ubaldi, Neil and Blumenthal are named in their official capacities only.

new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18B C. Wright, A. Miller, & E. Cooper, *Federal Practice & Procedure* § 4478). This standard is "strict," however, and reconsideration should be granted only if "the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). If "the moving party seeks solely to relitigate an issue already decided," the court should deny the motion for reconsideration and adhere to its prior decision. *Id.*

The Court is also mindful of its obligation to construe Plaintiff's submissions liberally in light of his *pro se* status and the "well established" rule in the Second Circuit that "the submissions of a *pro se* litigant must be construed liberally and interpreted 'to raise the strongest arguments that they *suggest.*'" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007); *Phillips v. Girdich*, 408 F.3d 124, 130 (2d Cir. 2005) (a *pro se* complaint is adequately pled if its allegations, liberally construed, could "conceivably give rise to a viable claim").

II.     **Discussion**

    A.     *The Court's Ruling*

In his Complaint Mr. Morneau alleged that his rights under state law, federal statutes and the Due Process Clause and Equal Protection Clause of the Fourteenth Amendment were violated by, *inter alia*, two state marshals, Aresco and Corneroli, who refused in

2

February and March 2004 to serve process and dispose of abandoned property by auction for him and then in May 2004 served process against him,[2] and the State Marshal Commission (the "Commission"), which he alleged invidiously discriminates against *pro se* individuals by dismissing complaints they bring to the Commission against individual marshals. The Court granted Defendants' motion to dismiss Mr. Morneau's Complaint on the following bases: first, he failed to state a claim for conspiracy under 42 U.S.C. § 1985(2); second, Eleventh Amendment sovereign immunity barred his claims against the state agencies and any defendants sued in their official capacities; third, the applicable statute of limitations barred his claims against Corneroli and his Due Process claim against Aresco; fourth, he failed to state a claim against Aresco under the Equal Protection Clause's "class of one" doctrine; fifth, the doctrine of quasi-judicial immunity barred his claims against the members of the Commission in their individual capacities; and sixth, as to his state-law claims, they are not cognizable under § 1983, and having dismissed all of Plaintiff's federal claims, the Court declined supplemental jurisdiction over those claims.

B.      *Plaintiff's Submissions*

In his timely filed and unopposed motion for reconsideration Mr. Morneau reiterates his allegation that a class of *pro se* individuals has been harmed by Defendants' actions. (Mot. Reconsid. at 2; *cf.* Compl. [Doc. # 1] at ¶ 39.) He cites various state statutes and regulations governing State Marshals and argues that Defendants' violation of these laws constitutes a violation not only of 42 U.S.C. § 1983, but also of 18 U.S.C. §§ 241

---

[2] These requests grew out of a dispute between Mr. Morneau and his former girlfriend, Michel Moran. The Court presumes familiarity with the factual background of this dispute. (*See* Ruling and Order at 3–4 (recounting factual allegations).)

(criminalizing conspiracies to deprive individuals of federal rights) and 242 (criminalizing deprivation of federal rights under color of law). (Mot. Reconsid. at 2; *cf.* Compl. at ¶ 31 (stating that Commission "ignores a clearly applicable Connecticut Statute").) He also argues that his "class of one" claim under the Equal Protection Clause should survive Rule 12(b)(6) because he is similarly situated to other *pro se* complainants whose complaints to the State Marshal Commission of Marshal misconduct were dismissed, and that the Commission's dismissal of these complaints constitutes a violation of § 1983. (2d Addendum Supp. Mot. Reconsid. [Doc. # 32] at 2; *cf.* Compl. at ¶ 36 (alleging that "[t]he State of Connecticut applied a systematic policy to deny equal protection to plaintiff").) Finally, he also argues without citation to authority that "[t]he [a]bsolute [q]uasi-[j]udicial [i]mmunity defense is not applicable to defendants knowingly acting under color of law." (Mot. Reconsid. at 1.)

In his motion Mr. Morneau claims that the documents attached to his motion and in his four addenda demonstrate the Commission's state-law and constitutional violations. He submits numerous decisions of the Commission dismissing others' complaints brought against various state marshals unrelated to his dispute with Ms. Moran (Ex D to Mot. Reconsid.; Addendum to Ex. D [Doc. # 34]; Ex. C to 2d Addendum [Doc. # 32] (summarizing these decisions)), including one which dismisses a complaint against Aresco (Ex. D to Mot. Reconsid. at 118–19). He argues that these dismissals, to which are attached record evidence on which basis the Commission dismissed the complaints,[3] demonstrate a

---

[3] Plaintiff submits an October 2008 ruling by the Connecticut Freedom of Information Commission holding that the State Marshal Commission violated the state Freedom of Information Act by providing Mr. Morneau with only letters of dismissal of complaints against state Marshals, rather than the full records of such dismissals, after which

"'systematic policy'" by which the State of Connecticut and the Commission deny "an exceptionally high number of Connecticut citizens [their] right to Due Process and Equal Protection" both through its dismissals and through its practice of not holding formal hearings. (Mot. Reconsid. at 1–2; *see also* Addendum [Doc. # 31] at 1; 2d Addendum [Doc. # 32] at 1.[4])

Mr. Morneau also submits transcript excerpts from proceedings in a state-court case in which Ms. Moran brought a contract action against Mr. Morneau.[5] In two excerpts Mr. Morneau argued that certain evidence demonstrates that he and Ms. Moran purchased various household items together, thus no pre-judgment remedy should attach. (Ex. B to Mot. Reconsid.; Ex. I to Addendum.) In a second excerpt, Mr. Morneau explained to the Superior Court that acting as a *pro se* litigant was like having to fight with one's "hands [tied] behind his back." (Ex. A to Mot. Reconsid.) In another, he asserted, in stricken testimony, that Aresco and Corneroli violated his Fourteenth Amendment rights. (Ex. H to Addendum.) Mr. Morneau also attaches the transcript of his oral argument on his appeal to the Connecticut Appellate Court of the judgment entered for Ms. Moran.[6] (Ex. J to

---

the Commission provided Mr. Morneau with full records in September 2008, prior to disposition of his appeal to the Freedom of Information Commission. (Ex. C to 3d Addendum [Doc. # 36].)

[4] Plaintiff notes that in 2006, 12 of 88 complaints to the Commission resulted in discipline of a marshal, and the Commission held a hearing to address 18 of the 88 complaints; and that in 2007 the proportions were 13 out of 73 resulting in discipline, and 18 out of 73 given a hearing. (Ex. D to Mot. Reconsid. at 1.)

[5] *Moran v. Morneau*, No. MMX-CV-04-0104115-S (Conn. Super. Ct.) (Middletown). Presumably, this is the action in which Aresco served Mr. Morneau on Ms. Moran's behalf.

[6] *Moran v. Morneau*, No. AC 27435 (Conn. App. Ct.) (Hartford) (Dec. 5, 2006).

Addendum.) While he opines that his review of prior state-court proceedings reveals that evidence of Defendants' violations of his civil rights has been deleted or removed from the record of the state court cases in which they were addressed (*id.*; *see also* Morneau Aff., Ex. to Mot. Reconsid., at ¶ 2–4[7]), he makes no independent claim against any named defendant based on these alleged deletions.

    C.    *Denial of Reconsideration*

Construed liberally, Mr. Morneau's motion, memoranda, exhibits and addenda take issue with the Court's ruling dismissing Plaintiff's claims against the Commission under the Eleventh Amendment and dismissing Plaintiff's Complaint "to the extent that . . . [it] allege[s] a class action challenging the manner in which the State Marshal system is operated." (Ruling and Order 6–8.) Notwithstanding Mr. Morneau's documentation of instances in which the Commission dismissed complaints against individual state marshals, both *pro se* and counseled, which he obtained after this Court dismissed his Complaint, such documentation is irrelevant to the bases for dismissal of his claims against the Commission. The Court dismissed Mr. Morneau's claims against the Commission and the State not because he submitted insufficient evidence with his Complaint, but because the Eleventh Amendment to the United States Constitution immunizes any "official arm of a state," including the Commission and the State itself, from suit in federal court regardless of the

---

[7] As additional or corroborative support for this argument Mr. Morneau submits a transcript from an unrelated state-court case in which Patrick McCue challenged the State Marshal Commission's dismissal of his complaint against a Marshal (Ex. C to Mot. Reconsid.) as well as affidavits from Mr. McCue and another participant in that case, John Barney, who each aver that the transcript "do[es] not accurately transcribe what [he] stated in Court concerning the actions of the State Marshals Commission and State Marshals" (Ex. E ¶ 3 & Ex. F ¶ 3 to Addendum [Doc. # 31]). *See generally McCue v. Marshal Comm'n*, No. HHB-CV-07-4013467-S (Conn. Super. Ct.) (New Britain).

evidence submitted in support of such claims. (Ruling and Order at 6 (quoting *Posr v. Court Officer Shield # 207*, 180 F.3d 409, 414 (2d Cir. 1999).) Therefore, the Court has no authority over these entities and thus cannot order the type of injunctive relief he seeks—an order requiring that "the State of Connecticut terminate the operation of [t]he Connecticut State Marshals System by July 1, 2009." (Compl. at page 6.)

To the extent Mr. Morneau's submissions challenge that portion of the Ruling and Order holding inapplicable the exception to Eleventh Amendment sovereign immunity, which permits federal suits against particular state officials where the plaintiffs allege on-going violations of federal law and seek prospective injunctive relief,[8] because Plaintiff seeks from these individual defendants "[c]ompensatory damages in excess of $75,000.00" and "[p]unitive damages which are just and equitable" (*id.*), not prospective injunctive relief, he fails to demonstrate that the Court erroneously construed this exception.

Mr. Morneau's submissions may also be construed as seeking reconsideration of the Court's ruling that he cannot make out a "class of one" Equal Protection claim against Aresco. He asserts that he is similarly situated to other individuals who have filed *pro se* complaints against marshals other than Aresco. This assertion is irrelevant to his claim against Aresco, and for the reasons described above his claims against the Commission were properly dismissed. To the extent that he claims he is similarly situated to other self-represented individuals who have sought Aresco's services as a State Marshal, that claim must fail both because Mr. Morneau was represented by Attorney Kutz when he requested Aresco's services and because Aresco's work for Ms. Moran does not present "an extremely

---

[8] Ruling and Order at 7 (discussing *Ex parte Young*, 209 U.S. 123 (1908) and *State Employees Bargaining Agent Coal. v. Rowland*, 494 F.3d 71, 95 (2d Cir. 2007)).

high degree of similarity" with Mr. Morneau's own request.  (*See* Ruling and Order at 11 (citing *Clubside, Inc. v. Valentin*, 468 F.3d 144, 159 (2d Cir. 2006) ("We have held that class-of-one plaintiffs must show an extremely high degree of similarity between themselves and the persons to whom they compare themselves.").)  As the Ruling and Order explained, attorneys for Mr. Morneau and Ms. Moran disputed whether Mr. Morneau's request of Aresco was lawful under state statute, whereas no dispute existed as to the legality of Ms. Moran's request that Aresco serve process on Mr. Morneau.  (*Id.* at 11–12.)  The Commission's dismissal of an unrelated complaint against Aresco, documentation of which Mr. Morneau obtained post-Ruling and Order, also does not support Plaintiff's class-of-one claim.  Aresco failed to assist that complainant in connection with a bank execution rather than disposition of property, there was no question that the request was lawful, and Aresco claimed never to have received the bank execution request.  These circumstances are unrelated and dissimilar to the grounds on which Aresco declined to complete Mr. Morneau's request.

The Court also construes Mr. Morneau's submissions as challenging the Court's determination that Plaintiff may not "assert claims on behalf of anyone other than himself," such as by instituting a class action of *pro se* individuals against the Commission.  (Ruling and Order at 8–9.)  His objection does not contest the grounds on which the Court dismissed this claim.  The extent to which Plaintiff is or is not similarly situated to other *pro se* individuals filing complaints against the Commission is immaterial and presents no grounds for reconsideration of the Court's Ruling and Order.

Plaintiff challenges the Court's grant of quasi-judicial immunity to the individual members of the Commission.  (*Id.* at 12–15.)  He provides no support for his position that

such immunity is unavailable to defendants "acting under color of law." To the contrary, only an individual acting under color of law can assert immunity from suit, and the Court has determined that these are the type of state actor defendants to whom quasi-judicial immunity should apply, in light of the doctrine's derivation from absolute judicial immunity, which protects judges acting within their judicial jurisdiction from suit under § 1983. (*See id.* at 12 (citing *Pierson v. Ray*, 386 U.S. 547, 553–55 (1967) (noting that "[f]ew doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction," and holding that "[w]e do not believe that this settled principle of law was abolished by § 1983.")).).

Finally, Mr. Morneau's citation to 18 U.S.C. §§ 241 & 242 are unavailing because they are criminal statutes which a citizen lacks authority to enforce, and contrary to his argument, do not reinforce his claims under 42 U.S.C. § 1983, which, as this Court has explained, were properly dismissed.

Despite his voluminous addenda and exhibits to his Motion for Reconsideration and "the availability of new evidence," *Virgin Atl. Airways, Ltd.*, 956 F.2d at 1255, Mr. Morneau presents no authority, materials, or data "that might reasonably be expected to alter the conclusion reached by the court," *Shrader*, 70 F.3d at 257, and therefore his motion must be denied.

### D. State-Law Claims

Having dismissed all of Plaintiff's federal-law claims, the Court declined to exercise supplemental jurisdiction over his state-law claims. (Ruling and Order at 15–16 (citing *Giordano v. City of New York*, 274 F.3d 740, 754 (2d Cir. 2001) (collecting cases)).) Plaintiff has presented no basis or authority on which to conclude that the Court's conclusion was

9

in error, and the Second Circuit "has held, as a general proposition, that 'if [all] federal claims are dismissed *before trial* . . ., the state claims should be dismissed as well.'" *Motorola Credit Corp. v. Uzan*, 388 F.3d 39, 56 (2d Cir. 2004) (emphasis and alterations in *Uzan*) (citations omitted); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.").

    E.    *Plaintiff's Motion to Appoint Counsel*

Because the Court denies Plaintiff's Motion for Reconsideration of its dismissal of his Complaint in its entirety, there is no case pending before this Court. Therefore, Plaintiff's Motion to Appoint Counsel [Doc. # 33] is moot, and will be denied as such.

**III.**    **Conclusion**

For the foregoing reasons, Plaintiff's Motion for Reconsideration [Doc. # 30] is DENIED, and Plaintiff's Motion to Appoint Counsel [Doc. # 33] is DENIED AS MOOT.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 30th day of March, 2009.